# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

## ORANGEBURG DIVISION

| | |
|---|---|
| Andrew McLaughlin, | CASE NO.: 5:25-cv-7045-SAL |
| Plaintiff, | |
| V. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Carlton Reginald Lee and The Mahoney Group, Inc., | (JURY TRIAL DEMANDED) |
| Defendants. | |

**TO:   THE UNITED STATES DISTRICT COURT**

The Defendants, answering the Plaintiff's Complaint herein, would respectfully show unto the Court that:

### FOR A FIRST DEFENSE
### (General Denial)

1. The Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

2. As to Paragraph 1, the Defendants admit that at all relevant times, Plaintiff had been a resident and citizen of the State of Virginia; otherwise, Paragraph 1 is denied as stated.

3. As to Paragraph 2, the Defendants admit that Defendant Carlton Reginald Lee is and has been a resident of Orangeburg County, South Carolina; otherwise, Paragraph 2 is denied as stated.

4. Paragraphs 3, 4, 5, 6, 7, 8, and 9 are admitted.

5. As to Paragraph 10, the Defendants admit that the Plaintiff began to slow down his vehicle on I-95; otherwise, Paragraph 10 is denied as stated.

6. As to Paragraph 11, the Defendants admit that the Defendant driver slowed down his vehicle as well on I-95 while he was traveling behind the Plaintiff, but the front of the Defendant's vehicle ended up colliding with the rear of the Plaintiff's vehicle while both vehicles were moving on the highway; otherwise, Paragraph 11 is denied as stated.

7. The Defendants lack sufficient knowledge or information to form a belief as to the exact nature or extent of any injuries or damages sustained by the Plaintiff and, therefore, deny Paragraph 12 in its entirety and demands strict proof thereof.

8. The Defendants incorporate the foregoing Paragraphs as if fully repeated verbatim here in response to Paragraph 13.

9. Paragraph 14 s admitted.

10. Paragraphs 15 and 16 are denied.

11. The Defendants lack sufficient knowledge or information to form a belief as to the exact nature or extent of any injuries or damages sustained by the Plaintiff and, therefore, deny Paragraph 17 in its entirety and demands strict proof thereof.

12. Paragraphs 18 and 19 are denied.

13. The Defendants incorporate the foregoing Paragraphs as if fully repeated verbatim here in response to Paragraph 20.

14. Paragraph 21 is admitted.

15. Paragraphs 22 and 23 are denied.

16. The Defendants lack sufficient knowledge or information to form a belief as to the exact nature or extent of any injuries or damages sustained by the Plaintiff and, therefore, deny Paragraph 24 in its entirety and demands strict proof thereof.

17. Paragraphs 25 and 26 are denied.

18. The Defendants incorporate the foregoing Paragraphs as if fully repeated verbatim here in response to Paragraph 27.

19. Paragraph 28 is admitted.

20. Paragraphs 29 and 30 are denied.

21. The Defendants incorporate the foregoing Paragraphs as if fully repeated verbatim here in response to Paragraph 31.

22. Paragraphs 32, 33, 34, 35, and 36 are denied.

23. The Defendants incorporate the foregoing Paragraphs as if fully repeated verbatim here in response to Paragraph 37.

24. Paragraphs 38, 39, 40, 41, 42, 43, and 44 are denied.

## **FOR A SECOND DEFENSE**
**(Comparative Negligence)**

25. The Defendants would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to his own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of the Defendants, which is specifically denied, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred; such negligent, careless, reckless and grossly negligent acts or omissions on the part of the Plaintiff being more particularly set forth as follows:

      a. in failing to keep a proper lookout;
      b. in failing to keep his vehicle under proper control;
      c. in traveling too fast for conditions;
      d. in slamming on his brakes;
      e. in not keeping a safe distance behind the vehicles ahead of him;
      f. in failing to exercise that degree of care and caution that a reasonable and prudent person would exercise under the same or similar circumstances; and
      g. in such other particulars as shall be shown at trial.

## **FOR A THIRD DEFENSE**
### (Statutory Caps on Punitive Damages Pursuant to S.C. Code Section 15-32-530)

26. The Defendants would show, upon information and belief, that they are protected by the statutory caps on punitive damages set forth in S.C. Code Section 15-32-530.

## **FOR A FOURTH DEFENSE**
### (Punitive Damages)

27. The Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that the Defendants could be subjected to multiple awards of punitive damages for the same set of facts, the self-incrimination clause is being violated because the Defendants can be compelled to give testimony against themselves in a penalty situation such as punitive damages, the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature, Plaintiff's claim for punitive damages violates the Defendants' rights to access to the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills the Defendants' exercise of those rights, the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, and the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards and, therefore, the Plaintiff's claim for punitive damages should be dismissed.

## FOR A FIFTH DEFENSE
### (Rule 12(b)(3), FRCP and Local Civil Rule 3.01 – Improper Venue)

28.     The Defendants would show in a case removed from State Court that the Defendants have a right to choose the division of the District of South Carolina that should handle the federal case pursuant to Local Civil Rule 3.01.  Local Civil Rule 3.01(A)(1) allows the division of the District to be where a substantial part of the events or omissions giving rise to the claim occurred.   The Defendants would show that the motor vehicle accident involving the parties giving rise to this lawsuit occurred in Dillon County, South Carolina, which is within the Florence Division of the District of South Carolina.  Therefore, this case should be transferred to the Florence Division of the District of South Carolina  pursuant to Rule 12(b)(3), FRCP and Local Civil Rule 3.01.

WHEREFORE, having fully answered, the Defendants pray that the Plaintiff's Complaint be dismissed with costs.

The Defendants demand a jury trial.

                                                BREHMER LAW FIRM, LLC

By:     *s/ L. Darby Plexico, III*_____
L. Darby Plexico, III (SC Fed # 9585)
1720 Main Street, Suite 201
Columbia, SC 29201
(803) 771-6600
LDP@brehmerlawfirm.com
*Attorney for Defendants*

Columbia, South Carolina
July 11, 2025